IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 62,636-01






EX PARTE MARK DEWAYNE BROCK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. F02-47324-SR

IN THE 265TH DISTRICT COURT OF DALLAS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of murder, and punishment was assessed at confinement for life. Applicant's
conviction was affirmed on appeal. Brock v. State No. 05-02-01273-CR (Tex. App. --Fifth,
delivered August 21, 2003, pet. ref'd).

 Applicant contends, inter alia, that he received ineffective assistance of trial counsel. 
Specifically, Applicant complains that trial counsel failed to inform him of the State's twenty
year plea bargain offer.

 The trial court has not entered findings of fact or conclusions of law regarding this
allegation. We believe that Applicant has alleged facts that, if true, might entitle him to
relief. Therefore, it is this Court's opinion that additional facts need to be developed and
because this Court does not hear evidence, the trial court is the appropriate forum. The trial
court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that
it shall order an affidavit from the prosecutor, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. The trial court shall also
forward any available records regarding the State's plea bargain offer with its findings to this
Court.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether the State made a plea bargain offer of twenty years, whether that offer was
properly transmitted to Applicant, and whether Applicant rejected the offer. The trial court
shall also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29TH DAY OF MARCH, 2006.




EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.